### No. 2131.
### Second Circuit Appeal.

---

### MRS. E. H. KELLER v. JOS. REID GAS ENGINE COMPANY.

---

(October 31, 1924, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Damages—Par. 104.**
Where a lady 69 years old was bruised about the body and sustained a fractured rib; held $1000.00 sufficient quantum of damages for pain and suffering and injury, mental and physical.
(Civil Code, Art. 2315. Editor's note.)

Appeal from the First District Court, Parish of Caddo, Hon. E. P. Mills, Judge.

This is a damage suit for personal injuries growing out of an automobile collision.

Judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

Miss Carrie Keller. and Wallace, Lyons & Peters, all of Shreveport, attorneys for plaintiff and appellee.

Bullock & Warren of Shreveport, attorneys for defendant and appellant.

PORTER, J. This is one of the series of cases referred to in our opinion this day handed down in the case of Miss Adelaide Keller vs. this defendant, No. 2130.

As the three persons were injured as a result of the same collision, while they brought separate actions, they were consolidated for the purpose of taking testimony. We fully considered and discussed the facts and the law in the said case No. 2130, and we adopt in this opinion what was said in that case.

The only additional matter necessary to consider here is the quantum of damages allowed by the District Court to this plaintiff.

Mrs. Keller, a widow, is the mother of Miss Adelaide Keller and Miss Carrie Keller, the plaintiffs in the other cases. She was thrown from the car by the force of the collision, and fell on the edge of the road near the ditch. She was greatly shocked by the fall, and evidently believed —for a time at least—that she was fatally injured. She was picked up by a passing automobile, and brought to the sanitarium.

She sues for $5,000.00 for "pain, mental anguish and nervousness"; for $20.00 for ex-ray pictures, and $19.50 sanitarium fees. The District Court allowed $1,500.00 for pain, etc., and the two last mentioned items —or a total of $1,539.50.

The defendant Company—the appellant— charges that this amount is excessive, and the appellee answered the appeal and prayed for an increase of the judgment.

The plaintiff was 69 years old at the time of the accident. Dr. Abramson, who treated her for the injuries received at the time of the accident, and who knew her and was her physician for a considerable time prior to the accident, says that she had been in "bad health for a long time", was nervous, and inclined to be feeble. He says he does not think he had treated her for ten or twelve months preceding the accident. She was bruised about the body by the fall, but not, as appears from the testimony, very seriously. The principal injury which she sustained was a fractured rib. Referring to this injury, the physician was asked: "How (was) the condition or how much displacement was there in her case, was it a green fracture?" A. "No, sir. I think there was a good deal of displacement in her case as well as I recall, and caused a good deal of pain. It was what I would term just between a medium injury and a severe injury." The usual treatment was administered, and she left the sanitarium the following day, and was confined to her bed at her home for some three weeks. Dr. Abramson visited her, as he says, three or four times during that period. He says she was sitting up and "I went there to see her occasionally— I would think three or four weeks after the accident." He says her condition was not such as to require daily attention of a physician. He says he prescribed, at first, codine and aspirin, and later cut out the codine.

It is not contended that plaintiff sustained any permanent injury—and we think that as a matter of common knowledge— a good many of us have had fractured ribs —that such an injury, except, perhaps, where other complications are present, does not produce severe or acute pain.

On this point, Dr. Abramson, who, by the way, is a most reputable physician, and certainly not a hostile witness, says:

"Q. Now the pain that she would feel afterwards, that is, after the setting of the fractured ribs, would be rather a mild pain, and not excessive pain?

A. Yes, sir, as a rule, but I couldn't make a definite statement as to that. Of

course, it would depend upon the wound of the parts. * * * "

Q. It was such a pain that the moderate use of aspirin and codine would relieve to some extent?

A. Yes, sir, I think so."

We are satisfied that $1,500.00 is excessive, and out of line with the precedents established by the Supreme Court in cases of this character, and that $1,000.00 will fully compensate the plaintiff for the pain and suffering, and injury, mental and physical, which she endured. See on this point, Brook vs. Motor Transportation Co., 156 La. 286, 100 South. 428, and authorities there cited.

It is therefore ordered and decreed that the judgment appealed from be amended by reducing the same to $1,037.50, and that, as thus amended, it be affirmed. The costs of this appeal to be taxed against the appellee.