## ST. VILLE et al. v. KIRKLAND.
### No. 14551.

Court of Appeal of Louisiana. Orleans.
April 24, 1933.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, and Harry Nowalsky, all of New Orleans, for appellant.

Gerald Netter, of New Orleans, for appellee.

HIGGINS, Judge.

Plaintiff, a guest passenger in an automobile which ran down an embankment and turned over, brings this suit to recover damages for personal injuries, loss of wages, etc., said to have resulted through the negligence of defendant, the owner and driver of the car. Defendant concedes that he is liable and contests the matter solely on the ground of quantum.

The trial court awarded plaintiff the sum of $575, and defendant has appealed, contending that the amount allowed is excessive. Plaintiff has answered the appeal and contends that the award is inadequate.

The plaintiff alleges in paragraph 9 of her petition as follows: "That as a result of said accident, petitioner sustained a fractured rib for which she was treated at her home from September 9th, 1931, to October 10th, 1931, during all of which time she remained in bed and suffered great pain."

Dr. C. C. Haydel, who treated plaintiff, testified that the fracture was of the sixth rib on the right side, which he strapped and immobilized; that he gave plaintiff a sedative to relieve her pain; that he saw her every three or four days for a period of three weeks, and thereafter once a week; and that she had a complete recovery.

Plaintiff is a colored woman, 59 years of age. The record shows that, while the plaintiff was painfully injured, her injuries were neither serious nor permanent. The trial court allowed the sum of $500 to cover her injuries, which amount we believe to be fair. Webb v. Key (La. App.) 144 So. 650; Keller v. Jos. Reid Gas Engine Co., 1 La. App. 300; Crozat v. Toye Bros. Yellow Cab Co. (La. App.) 145 So. 60.

The trial court allowed the sum of $75 for loss of wages; plaintiff being engaged as a seamstress. We believe that the evidence in the record supports the finding of the trial court in this respect, and that amount is allowed.

Our learned brother below found that the evidence does not support plaintiff's contention that she lost $25 in cash in the collision, and we see no reason to disturb the judgment as to that item.

Plaintiff has abandoned her claim for $25 for eyeglasses.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.